Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

# UNITED STATES DISTRICT COURT
for the
District of Massachusetts ▼

Eastern Division

| | |
|---|---|
| Ferruccio Romeo | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) Jury Trial: *(check one)* ✔Yes ☐No |
| -v- | ) |
| Town of Winthrop, Terence M. Delehanty and Austin Faison | ) |
| *Defendant(s)* | ) |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | ) |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. The Parties to This Complaint

   A. The Plaintiff(s)

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Ferruccio Romeo |
   | Street Address | 9 Hitching Hill Rd |
   | City and County | Saugus, Essex |
   | State and Zip Code | Massachusetts 01906 |
   | Telephone Number | (781) 389-2951 |
   | E-mail Address | fero952@yahoo.com |

   B. The Defendant(s)

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

| | |
|---|---|
| Name | Town of Winthrop |
| Job or Title *(if known)* | Municipality |
| Street Address | 1 Metcalf Square |
| City and County | Winthrop, Suffolk |
| State and Zip Code | Massachusetts 02152 |
| Telephone Number | (617) 846-1852 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Terence M. Delehanty |
| Job or Title *(if known)* | Chief of Police/Interim Town Manager |
| Street Address | 1 Metcalf Square |
| City and County | Winthrop, Suffolk |
| State and Zip Code | Massachusetts 02152 |
| Telephone Number | (617) 799-8939 |
| E-mail Address *(if known)* | tdelehanty@town.winthrop.ma.us |

Defendant No. 3

| | |
|---|---|
| Name | Austin Faison |
| Job or Title *(if known)* | Former Town Manager/Currently Director American Rescue Plan C |
| Street Address | 93 Highland Ave |
| City and County | Somerville, Essex |
| State and Zip Code | Massachusetts 02143 |
| Telephone Number | (617) 625-6600 |
| E-mail Address *(if known)* | afaison@somervillema.gov |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C. Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Town of Winthrop |
| Street Address | 1 Metcalf Square |
| City and County | Winthrop, Suffolk |
| State and Zip Code | Massachusetts 02152 |
| Telephone Number | (617) 846-1852 |

**II. Basis for Jurisdiction**

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

[✓] Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[ ] Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

[ ] Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

[✓] Other federal law *(specify the federal law)*:
Family and Medical Leave Act of 1993, Retaliation 42 U.S.C. S-12203

[ ] Relevant state law *(specify, if known)*:

[ ] Relevant city or county law *(specify, if known)*:

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☐ Failure to hire me.
- ☐ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☐ Unequal terms and conditions of my employment.
- ☑ Retaliation.
- ☑ Other acts *(specify)*: Interference with benefits of FMLA of 1993, Retaliation 42 USC. S.12203

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)
July 23, 2018 - January 24, 2020

C. I believe that defendant(s) *(check one)*:
- ☑ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:
- ☐ race _____
- ☐ color _____
- ☑ gender/sex   Advocating for Women in the Work
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)*
- ☐ disability or perceived disability *(specify disability)*
_____

E. The facts of my case are as follows. Attach additional pages if needed.

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

See Complaint.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*
October 22, 2018

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☑ issued a Notice of Right to Sue letter, which I received on *(date)*   01/18/2022   .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.
☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See Complaint

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 04/15/2022

Signature of Plaintiff

Printed Name of Plaintiff  Ferruccio Romeo

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                              )
FERRUCCIO ROMEO,              )
                              )
        Plaintiff,            )
                              )
v.                            )
                              )   Case No.:
TOWN OF WINTHROP, TERENCE M.  )
DELEHANTY, Chief of Police/Interim )
Town Manager and AUSTIN FAISON, )
Former Town Manager,          )
                              )
        Defendants.           )
_____)
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

1. This Complaint is brought by Ferruccio Romeo (hereinafter "Plaintiff") on his own behalf as an employee of the Town of Winthrop, a municipality located in Suffolk County, Massachusetts, Terence M. Delehanty, Police Chief and Interim Town Manager, both in his official and individual capacity, and Austin Faison, former Town Manager, both in his official and individual capacity, of the Town of Winthrop (hereinafter "Defendants"). Plaintiff alleges that the Defendants denied Plaintiff the benefits of the Family and Medical Leave Act of 1993 ("FMLA"), including, but not limited to, denying his accrual of Compensatory Time ("Time Due") and other employment benefits. In addition, Defendants interfered with Plaintiff exercising his

1

right to care for family members, the purpose of FMLA, by denying Plaintiff the ability to accrue Time Due and other employment benefits. As a result, Plaintiff's employment benefits were negatively impacted because he took paid leave under the provisions of the FMLA versus non-paid leave.

Defendants also retaliated against the Plaintiff on several occasions from July 23, 2018 through January 24, 2020 in violation of Title VII of the Civil Rights Act of 1964 as amended due to his representational responsibilities as the long standing Local Union President and his strong advocacy for equal rights for women Police Officers opposing sex discrimination employed by the Defendants.

## THE PARTIES

2. Plaintiff Ferruccio Romeo is a Massachusetts Municipal Police Sergeant employed by the

Town of Winthrop, Suffolk County Massachusetts and resides in Saugus, Essex County Massachusetts.

3. Defendant Town of Winthrop is a City in Suffolk County Massachusetts.

4. Defendant Terence M. Delehanty is the Police Chief of the Winthrop Police Department,

and is responsible for its overall operations and also serves as the Interim Town Manager for the Town of Winthrop, responsible for the day to day operations of the Town and resides in Winthrop, Suffolk County, Massachusetts.

2

5. Defendant Austin Faison is the former Town Manager responsible for the day to day operation of the Town including oversight and supervision of all department heads including the Police Chief for the Town of Winthrop and is currently employed by the City of Somerville, Middlesex County, Massachusetts as the Director of the American Rescue Plan Act and resides in Holliston, Middlesex County, Massachusetts.

## JURISDICTION

6. This Court has jurisdiction to address this matter pursuant to Title VII of the Civil Right Act of 1964 as amended and the Family and Medical Leave Act of 1993 as amended.

## STATEMENT OF FACTS

7. Plaintiff is subject to a Collective Bargaining Agreement which dictates that his work schedule, vacations, compensatory time/Time Due and more are determined by.

8. Defendant(s) grants Time Due (10 Hours) to Officers for not using Sick Time within 3 consecutive months totaling forty (40) hours per year.

9. Plaintiff was the Local Union President for approximately ten (10) plus years from December 2004 through February 2015. Plaintiff was a strong advocate for equal rights for women Police Officers employed by the Defendants and opposed discrimination based upon sex.

3

10. Defendants unlawfully retaliated against Plaintiff by terminating him without just cause

in 2015 in violation of the Collective Bargaining Agreement.

11. Plaintiff was reinstated in July 2018 after an arbitrator's award issued in February 2016

and after several frivolous appeals by the Defendants in the Suffolk Superior Court,

Massachusetts Appeals Court and the Supreme Judicial Court of Massachusetts.

12. Plaintiff filed a request for paid Intermittent Family and Medical Leave (FMLA) on

February 28, 2019 to care for his aging parent and disabled spouse which was approved by

defendants.

13. On August 5, 2019, Defendants without notice deducted nineteen (19) of the Plaintiff's

accrued Vacation hours to offset hours owed (Kelly Hours). Plaintiff was unable to attend

trainings and perform other compensable duties to offset any hours owed due his taking of

approved Intermittent FMLA Leave. Plaintiff was not provided additional time and a fair and

reasonable opportunity to offset hours owed as has customarily been allowed by the

Defendants.

14. Defendants practice for many years has been to award Winthrop Police Officers ten

(10) hours of Compensatory Time (Time Due) when they do not call out sick during any 3-month

consecutive time period. Plaintiff has no history of documented Sick Leave abuse and

4

customarily received forty (40) hours of Time due yearly.

     15. Defendants refused to award Plaintiff Time Due because he took approved Intermittent

FMLA Leave and was compensated with his unused and accrued Sick Time. Plaintiff's Leave was excused Leave and a qualifying absence allowed under the provisions of the FMLA. Plaintiff was not calling out sick or abusing Sick Time which would disqualify him from earning Time Due. Defendants disregarded the fact that the taking of approved Intermittent FMLA Leave is a qualifying reason which is an exception which prevents Defendants from denying Plaintiff of benefits that he would normally be entitled to. Further, under the FMLA it is unlawful for the Defendants to interfere with Plaintiff exercising his rights under the Act. Defendants' actions in denying Plaintiff earned Time Due is retaliatory and in violation of the FMLA.

     16. Despite the FMLA prohibiting an employer from denying an employee's right to accrue

employment benefits, Defendants have denied Plaintiff from accruing Time Due and other benefits by informing him that he would not be awarded Time Due for not calling out sick or abusing Sick Time.

     17. Winthrop Police Officers who do not take FMLA Leave and consistently call out sick and

abuse Sick Time are awarded Time Due despite having gone into negative Sick Time Hours because they use them immediately upon receipt.

5

18. Due to the Defendants' unlawful actions, Plaintiff has been denied promotional opportunities for promotion to Provisional Sergeant, Permanent Sergeant and Promotion to Lieutenant since his unlawful termination in 2015 and since his reinstatement in July 2018 along with all the employment benefits associated with these promotions pursuant to the Collective Bargaining Agreement.  These unlawful acts have also impacted the Plaintiff's retirement benefits and continue to have far reaching negative consequences upon his eligibility for retirement. The Defendants' actions are a violation of Title VII of the Civil Rights Act of 1964 as amended and 42 U.S. Code s. 12203 – Prohibition against Retaliation and Coercion.

19. On January 24, 2022 Plaintiff submitted a request for Intermittent FMLA Leave to Defendants for a chronic medical condition for Calendar year 2022. Plaintiff received notice as of the filing of this Complaint, approximately eighty-one (81) days after his request for Intermittent FMLA Leave was submitted, that it has been approved through December 31, 2022. According to FMLA Regulations, the employer is required to submit a response to the employee within 5 business days of receiving a request or becoming aware of the need for FMLA Leave. The employer's response must establish whether the employee is eligible for FMLA Leave and notify the employee of his or her rights and responsibilities under the FMLA. Plaintiff was approved for FMLA Leave previously and has been eligible with Defendants' knowledge.  Defendants have continued to violate the provisions of the FMLA against the

6

Plaintiff with this ongoing pattern of Retaliation in violation of 42 U.S.C. s. 12203 and Title VII of the Civil Rights Act of 1964.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

20. Pursuant to State and Federal Law requirements as set forth in Massachusetts, Plaintiff has filed his statutory claims with the Massachusetts Commission Against Discrimination and simultaneously with the Equal Employment Opportunity Commission.

## COUNT I
## VIOLATIONS OF VII OF THE CIVIL RIGHTS ACT OF 1964 SECTION 2000E, AS AMENDED

21. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

22. Defendants violated Plaintiff's rights under Title VII of the Civil Rights Act of 1964 as amended by discriminating against him under the Continuing violations doctrine of Title VII on the basis of Plaintiff's ongoing and continuing advocating for women Police Officers for the Town of Winthrop for discrimination based upon sex.

## COUNT II
## VIOLATIONS OF 42 U.S.C. S. 12203 (RETALIATION)

23. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

24. Defendants retaliated against Plaintiff by denying him several promotional opportunities

7

along with the employment benefits that go along with these promotions and which will also have far reaching consequences when the Plaintiff becomes eligible for maximum retirement benefits.

## COUNT III
## VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

25. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

26. Defendants' denial of Compensatory Time/Time Due of the Plaintiff's rights under the FMLA violates the regulations and provisions of the Act by punishing him for exercising his legal rights and negatively impacts his employment benefits which is contrary to law.

27. Defendants' failure to abide by the regulations of the FMLA by not addressing his request for Intermittent FMLA Leave within 5 business days resulting in approximately eighty-one (81) day delay regarding his eligibility is therefore unlawful under the FMLA.

WHEREFORE, Plaintiff prays for the following relief:

1. A Temporary Restraining Order and Injunctive Relief barring Defendants from denying Plaintiff's rights under the FMLA;

2. Issue all necessary Injunctive Relief to ensure Plaintiff is afforded all rights under FMLA;

3. Reinstate Plaintiff all his benefits prior to taking and subsequent to taking Intermittent FMLA Leave

8

4. An award of actual and punitive damages;

5. Treble damages for any and all lost wages and benefits as a result of lost promotional opportunities;

6. Prejudgment Interest; and,

7. Any other relief to which the Plaintiff may be entitled to.

Respectfully Submitted,

Dated: April 15, 2022

Ferruccio Romeo, Pro Se,

Ferruccio Romeo
9 Hitching Hill Rd
Saugus, MA 01906
(781) 389-2951
fero952@yahoo.com

9